**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-31308
Summary Calendar

_____

SHEROLYN NEVERS,

Plaintiff-Appellant,

versus

JOHN J CALLAHAN, Acting
Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CV-4092-R)

July 3, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Sherolyn Nevers appeals the district court's grant of summary judgment in favor of the Commissioner of Social Security, affirming the denial of her application for Supplemental Security Income. We affirm.

I

Nevers applied for Supplemental Security Income ("SSI") in January 1993, alleging that she had become disabled in 1989 due to

---

[*]    Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

arthritis, back pain, swelling feet, vocal cord nodules and carpal tunnel syndrome ("CTS"). After the Social Security Administration denied her application for benefits, Nevers requested a hearing before an administrative law judge ("ALJ").

The ALJ concluded that Nevers is not disabled and therefore denied her application. The ALJ found that Nevers is obese and has CTS and vocal cord nodules, but that these impairments do not satisfy the requirements for disability in the applicable regulations. *See* 20 C.F.R. pt. 404, subpt. P, App. 1. In making this determination, the ALJ found that although Nevers meets the weight requirement of the obesity listing, her obesity is not of

> listing level severity because the evidence does not also show that she also has either: x-ray evidence of arthritis in a weight bearing joint or the spine; hypertension with diastolic blood pressure persistently in excess of 100 mmHg [sic]; a history of congestive heart failure; chronic venous insufficiency; or respiratory disease with a forced vital capacity equal to or less than 2.0 liters.

With respect to Nevers's CTS, the ALJ found that although evidence established that she has a bilateral peripheral neuropathy involving both hands, the record did not demonstrate that her condition resulted in "significant and persistent disorganization of the motor function" in her hands as required by the regulations. The ALJ found that Nevers's vocal cord condition is not of listing level severity because her speech, although hoarse, is nevertheless understandable.

Because the ALJ found that Nevers's impairments are not of

-2-

listing level severity, he evaluated her ability to perform her past relevant work. The ALJ concluded that Nevers is capable of performing her past work as a telephone solicitor and as a nursing assistant. Specifically, the ALJ observed that Nevers's vocal cord condition responded to treatment and that her ability to speak quickly returned to within normal limits; that no physician had reported that Nevers's neck, back and hand pain and numbness limit her ability to work; and that the testimony of Nevers and her mother regarding Nevers's limitations is insufficient to support the conclusion that Nevers cannot lift objects weighing up to fifty pounds or that she has any physical limitations on her ability to sit, stand and walk. The ALJ found Nevers's testimony regarding her pain and other limitations not "credible to the extent alleged."

After the Appeals Council denied Nevers's request for review, she filed a complaint in federal district court seeking judicial review of the ALJ's decision. A magistrate judge found that substantial evidence supported the ALJ's decision and recommended that the district court grant the Commissioner's motion for summary judgment. The district court adopted the magistrate judge's recommendation and granted summary judgment for the Commissioner. Nevers appeals.

II

Our review of the Commissioner's denial of disability benefits is limited to determining whether the decision is supported by

-3-

substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 1021-22. In applying this standard, we must review the entire record to determine if such evidence is present. *Id.* at 1022. However, we may neither reweigh the evidence in the record nor substitute our judgment for that of the Commissioner. *Id.*

The Commissioner evaluates disability claims by answering the following sequential questions:

> (1) Is the claimant currently working?
> (2) Can the impairment be classified as severe?
> (3) Does the impairment meet or equal a listed impairment in Appendix 1 of the Commissioner's regulations? (If so, disability is automatic.)
> (4) Can the claimant perform past relevant work?
> (5) Can the claimant perform other work?

20 C.F.R. § 416.920. In this case, the ALJ found that Nevers's obesity and CTS do not meet or equal a listed impairment in Appendix 1 of the regulations and that Nevers can perform her past relevant work. The ALJ thus concluded that Nevers is not disabled.

Nevers first challenges the ALJ's determination that her obesity does not meet or equal a listed impairment in Appendix 1 of the regulations. She also argues without elaboration that the ALJ erroneously required her "to prove more than the regulation

-4-

requires" for disability as a result of obesity.

To establish obesity as a disability, a claimant must demonstrate that her weight meets the height-to-weight ratio and that she has one of several impairments listed in § 9.09 of the regulations.[2] The parties do not dispute that Nevers's weight meets the height-to-weight ratio. The ALJ found, however, that Nevers's obesity is not of listing level severity because she does not have one of the additional impairments specified in § 9.09.

Nevers argues that she meets the additional impairment described in § 9.09A because one of the x-rays of her left knee showed osteoarthritis. Although a 1992 x-ray of the left knee revealed evidence of early osteoarthritis, no evidence in the record shows limitation of motion in the left knee, as required by § 9.09A. X-rays of Nevers's knees taken at Charity Hospital in 1991 revealed no abnormalities and subsequent examination demonstrated that her knees were stable. In 1992, when x-rays of

---

[2] The listed impairments are:
A. History of pain and limitation of motion in any weight-bearing joint or the lumbosacral spine (on physical examination) associated with findings on medically acceptable imaging techniques of arthritis in the affected joint or lumbosacral spine; or
B. Hypertension with diastolic blood pressure persistently in excess of 100 mm. Hg measured with appropriate size cuff; or
C. History of congestive heart failure manifested by past evidence of vascular congestion such as hepatomegaly, peripheral or pulmonary edema; or
D. Chronic venous insufficiency with superficial varicosities in a lower extremity with pain on weight bearing and persistent edema; or
E. Respiratory disease with total forced vital capacity equal to or less than 2.0 L. or a level of hypoxemia at rest equal to or less than the values specified in Table III-A or III-B or III-C.
20 C.F.R. pt. 404, subpt. P, App. 1, § 9.09.

Nevers's left knee revealed evidence of early osteoarthritis, Dr. Stewart E. Altman did not find any limitation of motion in Nevers's left knee. Furthermore, Nevers did not complain of knee pain to her physicians during treatment after she applied for SSI in January 1993. Rather, in 1993 she complained to Dr. V. J. Zeringue of neck and back pain after an automobile accident. In the same year, Dr. James T. Williams found no evidence of muscular atrophy, weakness, or sensory deficiency in either of Nevers's lower extremities, and Nevers did not complain of pain or limitation of motion in her left knee. During treatment at Charity Hospital in November 1994, Nevers complained of neck, wrist and back pain. Finally, none of Nevers's physicians characterized her as disabled as a result of the alleged impairment of her left knee. *See Vaughn v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (explaining that fact that no physician who examined claimant pronounced her disabled supported ALJ's decision that claimant was not disabled).[3]

Based on the foregoing, we conclude that substantial evidence supports the ALJ's determination that Nevers's obesity does not satisfy the requirements of § 9.09. Furthermore, we find no indication that the ALJ applied a higher burden of proof to

---

[3] As noted by the magistrate judge, Dr. Altman's February 1992 diagnosis of early osteoarthritis contradicts the ALJ's finding that Nevers did not present any x-ray evidence of arthritis in a weight-bearing joint or the spine. The ALJ's finding, however, does not affect the outcome of the instant appeal. As discussed above, Nevers does not satisfy § 9.09A's other requirement that she have a "history of pain and limitation of motion" in a weight-bearing joint or the spine.

Nevers's claim for benefits related to obesity than § 9.09 of the regulations requires. To the contrary, the ALJ properly applied § 9.09A and found that Nevers's obesity simply does not satisfy its requirements.[4] Nevers next challenges the ALJ's determination that her CTS does not meet or equal a listed impairment in Appendix 1 of the regulations. She argues that the ALJ erroneously concluded that the evidence does not demonstrate that her bilateral CTS has been associated with "disorganization of motor function" of the hands as required by § 11.04 of the regulations.[5] The relevant portion § 11.04 requires:

> Significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station.

20 C.F.R. pt. 404, subpt. P, App. 1, § 11.04B.

Nevers contends that she presented evidence demonstrating limitations in the use of her hands. She points to her testimony

---

[4] Nevers also contends that the district court erroneously stated that the Social Security Act contains a one-year durational requirement for impairments. This contention lacks merit.
 Section 416.920(d) of the regulations states that a claimant will be found to be disabled if she has an impairment "which *meets the duration requirement* and is listed in appendix 1 or is equal to a listed impairment(s) . . . ." 20 C.F.R. § 416.920(d) (emphasis added). The durational requirement is found in the Social Security Act, 42 U.S.C. § 423(d)(1)(A), which defines "disability" as an
 inability to engage in any substantial gainful activity by reason of
any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
The district court correctly cited to this section on page four of its order; the plain language of the section refutes Nevers's contention of error.

[5] Disability due to peripheral neuropathy such as CTS requires a finding of peripheral neuropathy "with disorganization of motor function as described in [section] 11.04B, in spite of prescribed treatment." 20 C.F.R. pt. 404, subpt. P, App. 1, § 11.14. Section 11.04B is set forth above.

-7-

that her hands become numb, that she sometimes drops things, that she can only write for short time periods, and that she can't "lift [her] arms up really high."

Despite this testimony, substantial evidence in the record demonstrates that Nevers's CTS does not satisfy the requirements of § 11.04B. In 1988, Dr. John W. Watermeier found decreased grip strength in Nevers's right hand, but no evidence of neurological or sensory deficiency. In 1989, Dr. Claude S. Williams found Nevers's grip strength and sensory appreciation "intact." Dr. Zeringue, who treated Nevers for neck, back and hand pain and numbness, initially recommended carpal tunnel release surgery in December 1993, but later withdrew the recommendation. Dr. James T. Williams, who examined Nevers in April 1993, found no muscle atrophy in either hand. In 1994, although Nevers was diagnosed with CTS at Charity Hospital, physical examination revealed complete range of motion in both hands with good strength in flexion and extension in both wrists. None of the examining physicians placed any restrictions on Nevers's activities as a result of the CTS, and none reported any significant and persistent disorganization of motor function, as required by § 11.04B. This substantial evidence supports the ALJ's conclusion that Nevers's CTS does not satisfy the requirements of § 11.04B.

Nevers last argues that the ALJ improperly discounted her testimony regarding pain and limitations. The ALJ's decision, however, reveals that he considered Nevers's testimony and

contrasted it to the extensive medical evidence in the record. The ALJ had no obligation to credit Nevers's testimony over the objective evidence in the record. *See, e.g.*, *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) (stating that ALJ need not credit subjective evidence over conflicting medical evidence); *Villa*, 895 F.2d at 1024 ("Subjective evidence need not take precedence over objective evidence."). We therefore find no error in the ALJ's evaluation of Nevers's testimony.

AFFIRMED.